**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Jayme Lee,

        Plaintiff,

v.

San Diego Police Department, et al.,

        Defendants.

No. CV-25-04143-PHX-JZB

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT JUDGE**:

      This matter is before the Court upon its own review. Plaintiff has failed to pay the statutorily mandated filing fees by the deadline set in this Court's January 5, 2026, Order. *See* (doc. 10 at 4.)  Accordingly, the Court **recommends** this matter be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).[1]

---

[1]    Plaintiff consented to Magistrate Judge jurisdiction on November 14, 2025. (Doc. 8.) This Court denied Plaintiff's Application to Proceed *In Forma Pauperis* pursuant to LRCiv 72.2(a)(4). Because full consent is not present in this matter, the Court files this Report and Recommendation under General Order 21-25, which provides:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

> IT IS ORDERED that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

> IT IS FURTHER ORDERED designating [Senior United States District Judge Stephen M. McNamee] to review and, if deemed suitable, to sign the order of dismissal . . . .

**I.     Background**.

On November 5, 2025, Plaintiff filed her eight-count Complaint. (Doc. 1.) In her Complaint, Plaintiff named as defendants the Chandler Police Department, the City of New York Police Department, Cottonwood de Tucson, David W. Covington LPC, Mesa Police Department, Nashville Police Department, Recovery International, Ruidoso New Mexico Police Department, San Diego Police Department, and an individual listed as "Dr. Seymore." (Doc. 1 at 8, 14–16.) Plaintiff sought to commence a class-action lawsuit against the aforementioned Defendants, asserting: (a) a 42 U.S.C. § 1983 Equal Protection clause claim; (b) a 42 U.S.C. § 1983 First Amendment retaliation claim; (c) a municipal liability *Monell* claim; (d) a 42 U.S.C. § 1983 conditions of confinement and due process claims; (e) *two claims* that Defendants violated the Americans with Disabilities Act ("ADA"); (f) a 42 U.S.C. § 1983 due process and unlawful detention claim; and (g) a 29 U.S.C. § 794 violation. *See* (*id.* at 16–19) (emphasis added).

In her Complaint, Plaintiff alleges that, due to counseling, she regained her memories, including memories of sex trafficking to famous individuals. (*Id.* at 6.) She specifically asserts that she was sex trafficked to Donald J. Trump,[2] Michael Hufstedler, Clint Russell,[3] Ray Eidson, and others. (*Id.* at 16.) To support this allegation, Plaintiff asserts that Miley Cyrus is Plaintiff's birth daughter and is "evidence of sex trafficking." (*Id.*) Plaintiff states that "Miley Cyrus was born when [P]laintiff was twelve years old and Billy and Tish Cyrus were not present at her birth."[4] (*Id.*)

Next, Plaintiff claims that she notified the named police departments that she was sex trafficked, but was ignored because the individuals are famous. (*Id.* at 6.) Because of her reports, Plaintiff claims that she was involuntarily detained and subsequently sent to Recovery International. (*Id.*) Plaintiff asserts that at Recovery International, she was subjected to "inhumane conditions," and given medicine that "cause[d] mania[.]" (*Id.*)

---

[2]     Plaintiff appears to be referencing President Donald J. Trump.
[3]     Plaintiff appears to reference the former Vice-Presidential candidate for the Libertarian Party.
[4]     Plaintiff appears to claim that singer-songwriter Miley Cyrus is her daughter, and that her parents—singer-songwriter Billy Ray Cyrus and Tish Cyrus—are not Miley Cyrus's actual parents.

Finally, Plaintiff asserts that she was taken to Cottonwood de Tucson, where a "Dr. Seymore" improperly diagnosed Plaintiff and other women with bipolar disorder. (*Id.*) Additionally, Plaintiff alleges that Dr. Seymore conspired with Plaintiff's rapists to incorrectly diagnose her with bipolar disorder. (*Id.*)

On November 5, 2025, Plaintiff filed her Application for Leave to Proceed *In Forma Pauperis* ("Application to Proceed IFP") and a Motion for Service of Process by the USMS. (Docs. 2–3.) On November 14, 2025, Plaintiff filed a Motion to compel DNA testing of Billy Ray Cyrus, Miley Cyrus, and Tish Cyrus. (Doc. 9.)

On January 5, 2026, this Court denied all three filings. (Doc. 10.) Regarding her Application to Proceed IFP, this Court dismissed her application because the Court found that Plaintiff was abusing the IFP privilege and because there was insufficient evidence to establish that Plaintiff could not pay the Court's fees. (*Id.* at 3.) Because Plaintiff's Application to Proceed IFP was denied, Plaintiff was required to pay the Court's $405 filing and administrative fees by January 19, 2026. (*Id.* at 4.) Plaintiff was "warned that failure to timely pay these fees may lead to dismissal of this action." (*Id.*) Plaintiff has not paid the requisite Court fees, and the time for doing so has passed.

**II.     Legal Standard**.

A Plaintiff has a duty to prosecute their action. *See Fid. Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). The $350.00 filing fee is a statutorily mandated fee that all litigants must pay unless they are permitted to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a); *see also* 28 U.S.C. § 1915. Sufficient grounds to dismiss an action are present where a non-*in forma pauperis* litigant fails to pay the statutorily required filing fees. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (noting that dismissal for failure to pay filing fees is sufficient on its own to dismiss an action).

Rule 41(b) permits a defendant to move to dismiss an action where "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). The Supreme Court has interpreted Rule 41(b) as permitting a Court to *sua sponte* dismiss an action for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32

(1962). Moreover, "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Id.* at 633.

In making the determination whether to dismiss an action pursuant to Rule 41(b), the Court must weigh the *Ferdik* factors. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district judge's dismissal of an action for failure to comply with a court order requiring timely filing of a document). Those factors are:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Id.* at 1260–61 (quoting *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)).

**III.    Discussion**.

To date, Plaintiff has not paid the statutorily required filing fees, and was not given permission to proceed *in forma pauperis*. It also does not appear that Plaintiff intends to litigate this action further due to her failure to pay the Court's fees. Furthermore, the Court required her to pay the filing fees by January 19, 2026, warning her that the failure to do so may lead to dismissal of her action. Because Plaintiff has not paid the statutorily required fees, the Court recommends that this action be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b).

In making this determination, the Court has considered the five *Ferdik* factors. Here, the first, second, and third factors favor dismissal of this case. The fourth factor, as always, weighs against dismissal. With regard to the fifth factor, the Court has considered whether there are less drastic sanctions available, and finds there are none. Plaintiff was warned that failure to pay the requisite filing and administrative fees may result in dismissal of her claim. *See* (doc. 10 at 4.) Even with this warning, Plaintiff has failed to pay the requisite Court fees in contradiction of this Court's prior Order. Therefore, because Plaintiff has not complied with a court order regarding statutorily required fees, this Court recommends this

- 4 -

action be dismissed without prejudice.

Accordingly,

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The Parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 6, 72. Thereafter, the Parties have 14 days within which to file a response to the objections.

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 6th day of February, 2026.

Honorable John Z. Boyle
United States Magistrate Judge

- 5 -